UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>College of St. Scholastica,<br><br>　　　　Defendant. | Case No.: 0:17-cv-04097-PJS-LIB<br><br>**PLAINTIFF'S STATEMENT<br>OF THE CASE** |

Plaintiff John Doe respectfully submits this Statement of the Case.

### A.  Concise Statement of Facts

Plaintiff, a student at the College of St. Scholastica, brings this action against the College of St. Scholastic alleging illegal discrimination on the basis of his gender, violation of the College's common law duty of fair treatment, failure to meet its obligations under its duty of care to Plaintiff, and breach of contract related to its investigation and adjudication of a sexual misconduct complaint brought by another student at the College against Plaintiff.

### B.　　Listing of Particularized Facts Supporting Claimed Liability

Upon receiving a complaint of sexual misconduct against Plaintiff, Defendant interviewed him extensively without adequate prior notice of the complaint against him even though Plaintiff communicated repeatedly in interviews that he did not understand

1

the nature of the complaint.  Defendant warned Plaintiff that he could not communicate with witnesses to the complained-upon incident, even though witnesses possessed exculpatory evidence.  Defendant would not allow Plaintiff access to recordings of witness interviews, and otherwise did not make the content of these interviews available to him.  Defendant produced an investigative report that was not faithful to the recording of its interviews with Plaintiff.  Defendant would not provide Plaintiff with copies of important documents in Defendant's investigative file so that he could use them effectively in his defense.  Instead, Defendant was required to drive to Duluth, where Defendant is located, and simply make notes from those documents, each time he wanted to use them.  Defendant did not question the student alleging that Plaintiff sexual assaulted her about serious factual irregularities in her story.  Defendant withheld evidence from Plaintiff that tended to show that he did not commit sexual misconduct.  Defendant failed to provide Plaintiff with a formal hearing as prescribed in documents it publishes on its website.  Defendant did not provide Plaintiff with an opportunity to cross-examine his accuser in any fashion.  Defendant told Plaintiff that he could not be represented by an attorney, and upon conceding that doing so was a violation of Plaintiff's rights, provided only minimal opportunity to correct the violations of his rights that took place when he was not represented by an attorney.  Defendant refused to accept affidavits from witnesses containing exculpatory evidence, and then closed its proceedings without responding to overtures from the witnesses intended to result in their availability to be interviewed by Defendant.

### C. Itemization of Damages

Because Defendant's conduct has caused ongoing damages for Plaintiff, it is not possible to provide an accurate itemization of damages at this time. However, Plaintiff has reasonably calculated his aggregate losses to be approximately $1,000,000, representing the loss of future income and of his ability to continue his higher education plans free from the stigma of Defendant's faulty sexual misconduct claim adjudication.

Dated: March 29, 2018                                              Respectfully submitted,

**SCHOOL LAW CENTER, LLC**

By: /s/ Andrea L. Jepsen
Andrea L. Jepsen (#386781)
Amy J. Goetz (#214711)
452 Selby Avenue, Ste. 2E
St. Paul, MN  55102
Telephone (651) 222-6288
Facsimile (651) 222-7193
ajepsen@schoollawcenter.com
agoetz@schoollawcenter.com

**ATTORNEYS FOR PLAINTIFF**